**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **FORD GLOBAL TECHNOLOGIES, LLC**<br><br>Plaintiff,<br>v.<br><br>**EMPIRE AUTO PARTS, LLC,**<br><br>Defendant. | Case No. 3:26-cv-3754<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMPLAINT AND JURY DEMAND**

Plaintiff Ford Global Technologies, LLC ("FGTL"), by and through its undersigned counsel, for its Complaint against Empire Auto Parts, LLC ("Empire" or "Defendant"), states as follows:

## I. THE PARTIES

1. Ford Global Technologies LLC is a limited liability company organized and existing under the laws of the State of Michigan, having a principal place of business at 330 Townsend Drive, Suite 800 South, Dearborn, MI 48126.

2. FGTL, a wholly owned subsidiary of Ford Motor Company ("Ford"), owns and manages Ford's extensive portfolio of intellectual property rights arising from its automotive and parts businesses.

3. Upon information and belief, Defendant Empire Auto Parts, LLC is a limited liability company with its principal place of business at 15 Jackson Road, Totowa, New Jersey 07512.

4. Upon information and belief, Empire operates multiple warehouse and distribution facilities throughout the United States, including locations in Texas, North Carolina, Georgia, Florida, Massachusetts, Maryland, and Tennessee.

5. Empire maintains its North Texas Distribution Center at 2610 Weir Street, Suite 150, Dallas, TX 75212.

6. On information and belief, Empire's North Texas Distribution center operates as a retail location where customers may purchase Empire's replacement parts over the counter.

## II. JURISDICTION AND VENUE

7. This is an action for design patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

8. The Court has subject matter jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (action arising under the Patent Act).

9. On information and belief, Empire offers for sale and sells infringing automotive parts nationwide and ships from its North Texas Distribution Center in this District, thereby committing acts of infringement that subject it to the jurisdiction of this Court.

10. Empire also sells infringing automotive parts directly to customers from its North Texas Distribution Center in this District, thereby committing acts of infringement that subject it to the jurisdiction of this Court.

11. Venue and personal jurisdiction are appropriate in this Court under 28 U.S.C. § 1400 because Defendant has committed acts of infringement in this District and Defendant has a regular and established place of business in this District.

# III. FACTUAL ALLEGATIONS

## A. FGTL's Patents

12. FGTL has filed and been issued numerous design patents to protect its valuable intellectual property in its automobiles and its automotive part designs.

13. FGTL is the owner of the following U.S. Design Patents (collectively "FGTL Design Patents-in-Suit").

| U.S. Patent No. | Title | Ford Vehicle(s) |
|---|---|---|
| D735,623 | Vehicle Grille | 2015-2017 F-150 |
| D721,314 | Vehicle Fender | 2015-2020 F-150 |
| D721,307 | Vehicle Hood | 2015-2020 F-150 |
| D904,652 | Vehicle Headlight | 2021-2024 Bronco Sport |
| D902,453 | Vehicle Tail Lamp | 2021-2024 Bronco Sport |

14. The FGTL Design Patents-in-Suit are valid, enforceable, and in full force and effect.

15. FGTL is also the owner of the U.S. Design Patents included in the schedule attached as Exhibit 1.

***2015-2020 Ford F-150***

16. In 2014, Ford launched a redesign of its F-150 pickup truck, featuring changes to its exterior styling, as shown below. This transformation reflected years of dedicated design efforts and significant financial commitment from Ford.

17. For the 2015 model-year F-150 redesign, Ford's team of professional automotive designers dedicated years to thoughtfully shaping every element of the F-150. Highly trained in industrial and automotive design, they worked meticulously

to define the precise contours, angles, and dimensions of each component. Developing the front-end elements required a rigorous, multi-stage process involving hand sketches, advanced digital renderings, and fabrication of prototype parts. Through this careful work, Ford produced visually impactful and artistically crafted designs that set the 2015 F-150 apart.



2015 F-150

18. U.S. Patent No. D735,623 ("the '623 Patent"), entitled "Vehicle grille," issued on August 4, 2015, lists inventors Gordon M. Platto, Bradley A. Richards, Moray S. Callum, Joel Piaskowski, Jonathan Fontaine, and Anthony Meyer and is assigned to FGTL. A copy of the '623 Patent is attached as Exhibit 2.

19. U.S. Patent No. D721,314 ("the '314 Patent"), entitled "Vehicle fender," issued on January 20, 2015, lists inventors Gordon M. Platto, Bradley A. Richards, Moray S. Callum, Joel Piaskowski, John Kim, and William Moore and is assigned to FGTL. A copy of the '314 Patent is attached as Exhibit 3.

20. U.S. Patent No. D721,307 ("the '307 Patent"), entitled "Vehicle hood," issued on January 20, 2015, lists inventors Gordon M. Platto, Bradley A. Richards,

Moray S. Callum, Joel Piaskowski, John Kim, William K. Moore, and Dong H. Park and is assigned to FGTL. A copy of the ’307 Patent is attached as Exhibit 4.

***2021-2024 Ford Bronco Sport***

21. Ford launched the all-new Bronco Sport as a 2021 model-year vehicle, marking the return of the storied Bronco nameplate in a modern form and the introduction of an entirely new vehicle to Ford’s SUV lineup. Unlike a mid-cycle refresh or redesign, the Bronco Sport was conceived and developed as a distinct model from the ground up. Its debut reflected years of strategic planning, extensive engineering development, and substantial financial investment by Ford to reestablish the Bronco family as a premier off-road-capable brand.

22. For the launch, Ford’s team of professional automotive designers and engineers dedicated years to shaping every aspect of the vehicle’s appearance and functionality. Drawing inspiration from the iconic Bronco models produced in the last millennium, the team carefully balanced heritage design cues with modern proportions, technology, and performance requirements. Highly trained in industrial and automotive design, Ford’s designers meticulously refined the vehicle’s contours, surfaces, lighting elements, and overall stance to create a compact SUV with a bold, upright profile and distinctive visual identity.

23. Developing the Bronco Sport’s exterior components—including its headlights, grille, and rear lighting elements—required a rigorous, multi-stage process involving conceptual sketches, clay modeling, advanced digital renderings,

and repeated prototype fabrication and testing. Through this deliberate and iterative process, Ford produced visually striking and artistically crafted designs that distinguished the Bronco Sport in the competitive compact SUV market.





2021 Bronco Sport

24. U.S. Patent No. D904,652 ("the '652 Patent"), entitled "Vehicle headlight," issued on December 8, 2020, lists inventors Dean Carbis, Karl J. Rossman, Brian S. Paik, and Melvin Betancourt and is assigned to FGTL. A copy of the '652 Patent is attached as Exhibit 5.

25. U.S. Patent No. D902,453 ("the '453 Patent"), entitled "Vehicle tail lamp," issued on November 17, 2020, lists inventors Dean Carbis, Karl J. Rossman, Brian S. Paik, Melvin Betancourt, and Daniel J. Kangas and is assigned to FGTL. A copy of the '453 Patent is attached as Exhibit 6.

## B. Defendant's Infringing Activities

26. Empire is involved in the manufacture and distribution of aftermarket automotive parts and accessories, including headlights, tail lamps, grilles, hoods, and fenders that embody designs protected by FGTL's U.S. design patents.

27. Empire restricts public access to its product offerings.

28. On information and belief, Empire requires prospective purchasers to make purchases in person or create a customer account before they are permitted to view available parts, pricing, or detailed product information.

29. Unlike traditional aftermarket retailers that openly advertise their inventory, Empire actively limits access to members of the public—and intellectual property owners—from readily reviewing the scope of its offerings.

30. This in-person or account-based system effectively restricts public transparency regarding the full scope of Empire's inventory unless and until a purchaser is approved. By withholding open access to its catalog and controlling who may view part listings, Empire limits transparency regarding the full range of "replacement" parts it offers for sale. Upon information and belief, this controlled-access structure serves to obscure the breadth of Empire's inventory, including parts that embody designs protected by FGTL's United States design patents, and complicates efforts to identify and halt infringing activity.

31. On information and belief, the items listed for sale by Empire contain a designation identified as "Ref OE #" which correlates to the corresponding Ford original equipment part or replacement part number.

32. In 2025, the following infringing parts were sold by Empire:

- 2016 F-150 Grille (Type 1, All Black), Item #F5548
- 2023 Bronco Sport Headlamp Assembly LH (LED, Type 2), Item #F6309
- 2023 Bronco Sport Tail Lamp Assembly LH, Item #F8380

33. In 2026, the following infringing parts were sold by Empire at its location in this District, 2610 Weir St., Suite 150, Dallas, Texas 75212:

- 2019 F-150 Right Fender, Item #F7583
- 2019 F-150 Left Fender, Item #F7584
- 2019 F-150 Hood, Item #F6455

34. As a result of Empire's continued infringement, FGTL has been left with no choice but to file this action to protect its valuable intellectual property rights, preserve the integrity of its designs, and prevent further harm to its business and reputation.

35. Upon information and belief, Empire had knowledge of the asserted design patents at least as of the filing of this Complaint, including through its deliberate reference to Ford original equipment part numbers in its catalog and its direct copying of FGTL's patented designs. Empire's conduct demonstrates deliberate and intentional infringement.

## IV. COUNT I – INFRINGEMENT OF FGTL ’623 DESIGN PATENT

(F-150 Grille)

36. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

37. Defendant has infringed and continues to infringe the ’623 patent by, *inter alia*, making, using, importing, offering to sell, or selling in the United States,

including the State of Texas and within this District, products infringing the ornamental design covered by the ’623 Patent in violation of 35 U.S.C. § 271(a).

38. A side-by-side comparison of representative Figure 3 of the ’623 Patent and Part #F5548 offered for sale by Empire is shown below and in Exhibit 7.

| ’623 Patent, Figure 3 | Defendant’s Grille |
|---|---|
|  |  |

39. FGTL is entitled to a complete accounting of all revenue and profits derived by Defendant from the unlawful conduct alleged herein, including without limitation, FGTL’s damages pursuant to 35 U.S.C. § 284 and/or Empire’s total profit pursuant to 35 U.S.C. § 289.

40. Empire has engaged and is engaged in willful and deliberate infringement of the ’623 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys’ fees pursuant to 35 U.S.C. § 285.

41. Defendant has caused irreparable harm to Ford, its designs, its reputation, and its business. FGTL is entitled to a permanent injunction preventing Defendant from further infringing the ’623 Patent.

## V. COUNT II – INFRINGEMENT OF FGTL ’314 DESIGN PATENT

(2015 F-150 Fender)

42. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

43. Defendant has infringed and continues to infringe the ’314 patent by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including the State of Texas and within this District, products infringing the ornamental design covered by the ’314 Patent in violation of 35 U.S.C. § 271(a).

44. A side-by-side comparison of representative Figure 1 of the ’314 Patent and Parts #F7583 and #F7584 offered for sale by Empire is shown below and in Exhibits 8 and 9.

| ’314 Patent, Figure 1 | Defendant’s Fenders |
| --- | --- |
|  Figure 1 |   |

45. FGTL is entitled to a complete accounting of all revenue and profits derived by Defendant from the unlawful conduct alleged herein, including without limitation, FGTL's damages pursuant to 35 U.S.C. § 284 and/or Empire's total profit pursuant to 35 U.S.C. § 289.

46. Empire has engaged and is engaged in willful and deliberate infringement of the '314 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

47. Defendant has caused irreparable harm to Ford, its designs, its reputation, and its business. FGTL is entitled to a permanent injunction preventing Defendant from further infringing the '314 Patent.

## VI. COUNT III – INFRINGEMENT OF FGTL '307 DESIGN PATENT

(F-150 Hood)

48. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

49. Defendant has infringed and continues to infringe the '307 patent by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including the State of Texas and within this District, products infringing the ornamental design covered by the '307 Patent in violation of 35 U.S.C. § 271(a).

50. A side-by-side comparison of representative Figure 1 of the ’307 Patent and Part #F6455 offered for sale by Empire is shown below and in Exhibit 10.

| ’307 Patent, Figure 1 | Defendant’s Hood |
| --- | --- |
|  Figure 1 |  |

51. FGTL is entitled to a complete accounting of all revenue and profits derived by Defendant from the unlawful conduct alleged herein, including without limitation, FGTL’s damages pursuant to 35 U.S.C. § 284 and/or Empire’s total profit pursuant to 35 U.S.C. § 289.

52. Empire has engaged and is engaged in willful and deliberate infringement of the ’307 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys’ fees pursuant to 35 U.S.C. § 285.

53. Defendant has caused irreparable harm to Ford, its designs, its reputation, and its business. FGTL is entitled to a permanent injunction preventing Defendant from further infringing the ’307 Patent.

## VII. COUNT IV – INFRINGEMENT OF FGTL ’652 DESIGN PATENT

(Bronco Sport Headlight)

54. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

55. Defendant has infringed and continues to infringe the ’652 patent by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including the State of Texas and within this District, products infringing the ornamental design covered by the ’652 Patent in violation of 35 U.S.C. § 271(a).

56. A side-by-side comparison of representative Figure 1 of the ’652 Patent and Part #F6309 offered for sale by Empire is shown below and in Exhibit 11.

| ’652 Patent, Figure 1 | Defendant’s Headlight |
|---|---|
|  Fig.1 |  |

57. FGTL is entitled to a complete accounting of all revenue and profits derived by Defendant from the unlawful conduct alleged herein, including without limitation, FGTL’s damages pursuant to 35 U.S.C. § 284 and/or Defendant’s total profit pursuant to 35 U.S.C. § 289.

58. Defendant has engaged and is engaged in willful and deliberate infringement of the ’652 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys’ fees pursuant to 35 U.S.C. § 285.

59. Defendant has caused irreparable harm to Ford, its designs, its reputation, and its business. FGTL is entitled to a permanent injunction preventing Defendant from further infringing the ’652 Patent.

## VIII. COUNT V – INFRINGEMENT OF FGTL ’453 DESIGN PATENT

(Bronco Sport Tail Lamp)

60. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

61. Defendant has infringed and continues to infringe the ’453 patent by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including the State of Texas and within this District, products infringing the ornamental design covered by the ’453 Patent in violation of 35 U.S.C. § 271(a).

62. A side-by-side comparison of representative Figure 1 of the ’453 Patent and Part #F8380 offered for sale by Empire is shown below and in Exhibit 12.

| ’453 Patent, Figure 1 | Defendant’s Tail Lamp |
|---|---|
| Fig.1  |  |

63. FGTL is entitled to a complete accounting of all revenue and profits derived by Defendant from the unlawful conduct alleged herein, including without limitation, FGTL’s damages pursuant to 35 U.S.C. § 284 and/or Defendant’s total profit pursuant to 35 U.S.C. § 289.

64. Defendant has engaged and is engaged in willful and deliberate infringement of the ’453 patent as described above. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys’ fees pursuant to 35 U.S.C. § 285.

65. Defendant has caused irreparable harm to Ford, its designs, its reputation, and its business. FGTL is entitled to a permanent injunction preventing Defendant from further infringing the ’453 Patent.

## RESERVATION OF RIGHTS AND ADDITIONAL CLAIMS

66. Upon information and belief, due to the restricted public access Empire has on its catalog and as plausible given the facts alleged above as Exhibit 1, Empire sells and offers for sale numerous additional products that FGTL has identified as having similarly correlated Ford Part Numbers and infringe FGTL's Design Patents.

67. Plaintiff expressly reserves its rights under Fed. R. Civ. P. 15 to amend this Complaint to assert infringement of these and other additional patents as may be warranted by further investigation, disclosures, or discovery in this lawsuit. This includes, but is not limited to, the right to assert infringement of other United States design patents owned by FGTL or Ford that may be implicated by Defendant's manufacture, importation, use, offer for sale, or sale of infringing products.

68. FGTL further reserves the right to amend this Complaint to add such patents or parties and assert additional counts of patent infringement or other causes of action as may become necessary to fully protect its rights under the law, including but not limited to the U.S. Design Patents identified in Exhibit 1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a. A judgment that Defendant infringed the '623 Patent;

b. A judgment that Defendant infringed the '314 Patent;

c. A judgment that Defendant infringed the '307 Patent;

d. A judgment that Defendant infringed the ’652 Patent;

e. A judgment that Defendant infringed the ’453 Patent;

f. Enter an injunction enjoining Defendant and its officers, agents, attorneys, and employees, those acting in privity or concert with them, and those that receive any of the infringing parts from them from infringing the ’623 patent for the full term thereof;

g. Enter an injunction enjoining Defendant and its officers, agents, attorneys, and employees, those acting in privity or concert with them, and those that receive any of the infringing parts from them from infringing the ’314 patent for the full term thereof;

h. Enter an injunction enjoining Defendant and its officers, agents, attorneys, and employees, those acting in privity or concert with them, and those that receive any of the infringing parts from them from infringing the ’307 patent for the full term thereof;

i. Enter an injunction enjoining Defendant and its officers, agents, attorneys, and employees, those acting in privity or concert with them, and those that receive any of the infringing parts from them from infringing the ’652 patent for the full term thereof;

j. Enter an injunction enjoining Defendant and its officers, agents, attorneys, and employees, those acting in privity or concert with them, and those that

receive any of the infringing parts from them from infringing the ’453 patent for the full term thereof;

k. Award FGTL damages against Defendant adequate to compensate FGTL for the infringement of the ’623 patent pursuant to 35 U.S.C. § 284 and/or Defendant’s profits pursuant to 35 U.S.C. § 289;

l. Award FGTL damages against Defendant adequate to compensate FGTL for the infringement of the ’314 patent pursuant to 35 U.S.C. § 284 and/or Defendant’s profits pursuant to 35 U.S.C. § 289;

m. Award FGTL damages against Defendant adequate to compensate FGTL for the infringement of the ’307 patent pursuant to 35 U.S.C. § 284 and/or Defendant’s profits pursuant to 35 U.S.C. § 289;

n. Award FGTL damages against Defendant adequate to compensate FGTL for the infringement of the ’652 patent pursuant to 35 U.S.C. § 284 and/or Defendant’s profits pursuant to 35 U.S.C. § 289;

o. Award FGTL damages against Defendant adequate to compensate FGTL for the infringement of the ’453 patent pursuant to 35 U.S.C. § 284 and/or Defendant’s profits pursuant to 35 U.S.C. § 289;

p. Find that the Defendant’s infringement is deliberate and willful, and that the monetary recovery awarded to FGTL be trebled;

q. A declaration that this is an exceptional case and an award of attorneys’ fees, disbursements, and costs of this action pursuant to 35 U.S.C. § 285;

r. Award FGTL interest and costs, including prejudgment and post-judgment interest; and

s. Such other and further relief, including but not limited to, costs and attorney fees, as this Court deems appropriate.

**JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a jury trial of all issues triable by jury.

DATED: October 26, 2026

By: *<u>/s/ Melissa R. Smith</u>*
Melissa Richards Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Admission request forthcoming:*
Marc Lorelli (P63156)
Francesca Cusumano-Gibson (P85410)
Garrett Fridline (P88984)
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067-3846
Telephone: 248-358-4400
mlorelli@brookskushman.com
fcusumano@brookskushman.com
gfridline@brookskushman.com

Attorneys *for Ford Global Technologies LLC*